IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs. Case Nos.:  3:08cr77/MCR/EMT

ORESTES CABRERA

## REPORT AND RECOMMENDATION

This matter is before the court upon Orestes Cabrera's "Petitioning for Mandamus All Writ Act 28 U.S.C. 1651(a)" (ECF No. 249), in which Cabrera attempts to seek mandamus relief to challenge the voluntariness of his guilty plea. His request should be denied.

In November of 2008, Cabrera pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, and possession with intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of cocaine on a date certain (ECF Nos. 80, 93).  On December 10, 2008, the court appointed Spiro Kypreos to replace Randall Lockhart as counsel of record in this case (ECF No. 86).  Mr. Kypreos subsequently filed a motion to permit Cabrera to withdraw his guilty plea (ECF No. 100).  The district court orally denied the motion after a

hearing, and it sentenced Cabrera to a term of 276-months imprisonment (ECF Nos. 113, 115, 134, 136). Cabrera appealed. The Eleventh Circuit affirmed the denial of the motion to withdraw the guilty plea (ECF No. 153), and the Supreme Court denied Cabrera's petition for a writ of certiorari (ECF No. 174).

Cabrera filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 177). The district court adopted the recommendation of the undersigned that the motion be denied, over Cabrera's objection, and it also denied a certificate of appealability (ECF Nos. 191–194). The Eleventh Circuit found the district court's ruling to be correct and denied a certificate of appealability (ECF No. 202).

Cabrera then unsuccessfully moved for Rule 60(b) relief (ECF Nos. 204, 205, 207, 208). Neither the district court nor the appellate court issued a certificate of appealability (ECF Nos. 220, 221).

The district court later reduced Cabrera's sentence from 276 months to 221 months on August 4, 2015 (ECF Nos. 226, 227).

Cabrera then filed two other motions attempting to challenge his sentence including a "Request to Vacate Count One Sentence and Conviction" (ECF No. 231), and a Motion titled "Summary Judgment 28 U.S.C. 56(a) Requested for

Claimant" (ECF No. 234). These motions were denied (ECF No. 236), and the appeal thereof was dismissed for want of prosecution (ECF No. 248).

Cabrera now states that he seeks to "challenge Doc. #100 [the motion to withdraw guilty plea filed by Attorney Kypreos] with the all writ act of a mandamus" (ECF No. 249 at 1). Cabrera appears to believe that he has a claim under *Padilla v. Kentucky*, 559 U.S. 356 (2010). Appended to his motion is a copy of the Eleventh Circuit's order denying his application for leave to file a second or successive § 2255 motion (ECF No. 249 at 4–6). In its order, the Eleventh Circuit notes that *Padilla* was decided before Cabrera filed his first § 2255 motion, and as such did not authorize the filing of a second or successive motion (ECF No. 249 at 6). Cabrera notes that the appellate court did not say that he did **not** have a claim under *Padilla*, and thus seeks to pursue this claim pursuant to the All Writs Act.

The Supreme Court has noted that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)). Mandamus relief, pursuant to 28 U.S.C. § 1361 is an action

to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. It is appropriate only when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Hoever v. Dept. of Homeland Sec.,* 637 F. App'x 565, 566 (11th Cir. 2016) (quoting *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003)). "The party seeking mandamus has the burden of demonstrating that his right to the writ is clear and indisputable." *Hoever,* 637 F. App'x at 566 (citing *In re BellSouth Corp.*, 334 F.3d 941, 953 (11th Cir. 2003)). A plaintiff cannot resort to the extraordinary remedy of mandamus where there is an adequate alternative "avenue for relief," such as where a statutory method of appeal has been prescribed. *Hoever*, 637 F. App'x at 566 (citing *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004)).

Cabrera's motion is an attempt to circumvent the procedural bar caused by his failure to raise his *Padilla* claim in his initial § 2255 motion, as well as the Eleventh Circuit's denial of his motion for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255. A petition for writ of mandamus is not a tool that may be used in this manner. As previously noted by the Eleventh Circuit, *Padilla* was decided

before Cabrera filed his first § 2255 motion, and the claim could have been raised at that time. Therefore, Cabrera's motion should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

It is not clear that a certificate of appealability would be required for Cabrera to appeal an adverse ruling on his motion. In any event, if one were to be required, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The motion "Petitioning for Mandamus All Writ Act 28 U.S.C. § 651(a)" (ECF No. 249) be **DENIED.**

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of December 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case No.: 3:08cr77/MCR/EMT