UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                            Case Nos.:   3:08cr77/MCR/EMT
                                                          3:20cv6033/MCR/EMT

ORESTES CABRERA,
     Fed. Reg. No. 07021-017
_____/

## **REPORT AND RECOMMENDATION**

In November 2020, Defendant Orestes Cabrera filed a "Petition to Request to [Vacate] the Two-Level Dangerous-Weapon Enhancement [under U.S.S.G. § 2D1.1(b)(1)]" (ECF No. 296), relying on *Mack v. United States*, 782 F. App'x 789 (11th Cir. 2019). The *Mack* court held that the defendant was entitled to an evidentiary hearing on the claim, raised in his § 2255 motion, that counsel rendered ineffective assistance by failing to object to the same enhancement. *Id.* at 794.

Cabrera, whose Presentence Investigation Report (PSR) reflects the two-level enhancement, as well as the fact that counsel objected to it (ECF No. 300, PSR ¶¶ 27, 87), now seeks relief from the application of the § 2D1.1(b)(1) enhancement. The district court instructed the clerk to construe Cabrera's submission as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (*see* docket entry of Nov. 16, 2020 (referencing ECF No. 296)). The clerk complied, and the case

was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   A review of the record reveals that Cabrera previously filed a motion pursuant to 28 U.S.C. § 2255, which was denied (ECF Nos. 177, 193–194); that the instant motion is a second, successive motion; and that Cabrera did not obtain authorization from the Eleventh Circuit to file a successive motion. Therefore, the court does not have jurisdiction to entertain Cabrera's motion, and it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Cabrera is currently serving a 221-month sentence after pleading guilty in 2008 to conspiracy to distribute or possess with intent to distribute 5 kilograms or more of cocaine and one count of possession with intent to distribute 500 grams or

more of cocaine (ECF Nos. 115–116, 136, 226).[1]    He unsuccessfully appealed, challenging the district court's order denying his motion to withdraw his guilty plea (ECF No. 153).    In 2011, Cabrera filed a motion pursuant to 28 U.S.C. § 2255 unsuccessfully challenging the validity of his guilty plea as well as the constitutional sufficiency of two attorneys' performance (ECF No. 177, 191, 193–94, 202).    Since then, Cabrera has filed multiple unsuccessful challenges to his guilty plea and sentence via Rule 60 of the Federal Rules of Civil Procedure (*see* ECF Nos. 204, 205, 207, 208, 231, 236, 263, 264), as well as pursuant to 28 U.S.C. § 1651 (ECF Nos. 249–252).    As noted above, the district court directed that Cabrera's most recent attack upon his sentence be construed as a motion pursuant to 28 U.S.C. § 2255.

Before a prisoner may file a second or successive § 2255 motion, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion.    28 U.S.C. §§ 2244(b)(3)(A), 2255(h).    Without such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.    *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).    A

---

[1]  The court reduced Cabrera's original sentence of 276 months to 221 months pursuant to Guidelines Amendment 782 on August 4, 2015.    *See* ECF No. 226; *see also* 18 U.S.C. § 3552(c)(2) (a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission).

numerically second § 2255 motion, however, may or may not be "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Stewart v. United States*, 646 F.3d 856, 859–60 (11th Cir. 2011); *see also Slack v. McDaniel*, 529 U.S. 473, 486, 542 (2000) (explaining that the phrase "second or successive," as used in the AEDPA, is a term of art).

A second petition is considered "successive" if the first motion was adjudicated on the merits. *Mitchell v. United States*, 652 F. App'x 781, 784 (11th Cir. 2016) ("the district court correctly determined that Mitchell's first § 2255 motion was adjudicated on the merits, and as such, the current § 2255 motion is a "second or successive" motion within the meaning of the ADEPA). The same is true if the first motion was denied or dismissed with prejudice, and a dismissal for untimeliness is with prejudice. *Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (*citing Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (same)).

Cabrera's most recent motion falls within the subset of cases requiring prior authorization, because he is challenging the same sentence he challenged in his initial motion. The fact that his sentence was reduced after his first unsuccessful § 2255 motion is of no moment. Proceedings under § 3582 are not resentencing

proceedings, but rather modification of a term of imprisonment and as such do not restart the § 2255 clock. *See Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (sentencing adjustments pursuant to § 3582(c)(2) do not constitute a de novo resentencing); *see also Murphy v. United States*, 634 F.3d 1303 (11th Cir. 2011) (district court's order reducing a defendant's sentence pursuant to Rule 35 is not a new "judgment of conviction" that resets the one-year statute of limitations for filing a § 2255 motion); *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir.1997) (holding that "§ 3582(c)(2) and related sentencing guidelines do not contemplate a full de novo resentencing"). Cabrera has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.[2]

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must

---

[2] The undersigned also notes that to the extent Cabrera seeks to rely on the *Mack* decision (rendered July 23, 2019) as the basis for his requested relief, even if this decision restarted the proverbial § 2255 clock, which it does not, his request would be untimely. 28 U.S.C. § 2255(f).

state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 296) be summarily **DENIED and DISMISSED without prejudice**.

2.     A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 29th day of January 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**